UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IN RE:

Daniel Berry & Tisha Runyan

Debtors

CASE NO.: 20-35905-cgm

CHAPTER: 13

HON. CHIEF JUDGE:
Cecelia G. Morris

HEARING DATE:
February 22, 2022 at 9:00 A.M.

-------------------------------------------------------------------X

## LIMITED OPPOSITION TO DEBTOR'S MOTION TO SELL REAL PROPERTY

Michael L. Carey, an attorney admitted to practice before the United States Bankruptcy Court for the SOUTHERN DISTRICT OF NEW YORK, hereby affirms the following to be true under the penalty of perjury:

1. Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V (hereinafter "Secured Creditor"), by and through its attorneys, Friedman Vartolo LLP, submits this affirmation in response to the motion of Daniel Berry & Tisha Runyan (hereinafter "Debtor"), dated January 10, 2021 seeking to sell the real property located at 23 Stangel Drive, Woodbourne, NY 12788, Sullivan County (hereinafter "Property").

2. The Debtors filed a Chapter 13 Bankruptcy Petition on August 28, 2020

3. When the instant Bankruptcy Case was filed, the Loan was held and serviced by Planet Home Lending, LLC ("Planet Home"), Planet Home filed a timely Proof of Claim, on the Court's Claim Register as claim number 16-2 (hereinafter "Proof of Claim"), evidencing the loan, which detailed a total debt at the time of filing in the amount of $124,182.38.

4. The Loan was then subsequently service transferred to the Secured Creditor, as evidenced by a Transfer of Claim on December 17, 2021 (Doc #53).

5. The instant affirmation is in response to a motion filed on January 10, 2022 as Doc # 60 The Debtor's Motion now seeks court approval to sell the Property for the sum of $230,000.00.

6. The Motion relies on the Proof of Claim total debt of $124,182.38, as the amount owed to Secured Creditor. This does not accurately reflect the current payoff figure and should not be relied upon at closing.

7. Secured Creditor does not object to the sale of the Property, however Secured Creditor submits this limited response seeking assurance that any Order granting the Motion includes a provision which states that Secured Creditor will be paid in full on the closing date from a payoff which will be provided at closing.

8. The Court should take note that neither this office nor the Secured Creditor were properly served with the Debtor's Motion. A Notice of Appearance with Certificate of Service (the "NOA") was filed on behalf of the Secured Creditor on December 17, 2021 (Doc. # 52). Both the aforementioned Transfer of Claim and NOA were filed prior to the filing of the Motion by the Debtor.

9. Pursuant to 11 U.S.C. § 363 (k), Secured Creditor is entitled to a full credit bid. Secured Creditor therefore respectfully requests that it be provided adequate protection under 11 U.S.C. § 363(k).

10. Secured Creditor also requests that adequate protection payments be made pending the closing.

11. Secured Creditor also requests that any Order granting the Motion confirm that Secured Creditor's Proof of Claim will no longer receive any payments from the Chapter 13 Trustee under the Chapter 13 Plan as the loan will be paid in full at closing.

**WHEREFORE**, Secured Creditor respectfully requests that the Debtor's Motion be granted to the extent outlined above and for all other and further relief as is just and proper.

Dated: Garden City, NY
       February 2, 2022

By: /s/ Michael L. Carey, Esq.
Michael L. Carey, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V
1325 Franklin Ave, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150